**AMERICAN SAMOA GOVERNMENT,**

**v.**

**PENIAMINA KOLOSE PINO.**

High Court of American Samoa
Trial Division

CR No. 43-97

December 3, 1997

Before: KRUSE, Chief Justice, and FAISIOTA, Chief Associate Judge.

Counsel: For Plaintiff, Frederick J. O'Brien, Assistant Attorney General
For Defendant, Loretta Townsend, Assistant Public Defender

On May 10, 1997, police arrested juvenile defendant, Peniamina Kolose Pino ("Pino") for the crimes of Murder in the First Degree (A.S.C.A. § 46.3502) and Rape (A.S.C.A. § 46.3604). This court held a hearing regarding Pino's competency to stand trial and, on July 2, 1997, issued an order denying the motion to prosecute defendant as a child. Pino then moved to suppress any and all statements made by him to the Department of Public Safety, claiming that he was seized illegally and that his statements were neither voluntarily nor knowingly and intelligently made as required by *Miranda v. Arizona*, 384 U.S. 436 (1966). We found that Pino's *Miranda* rights were not violated and thus, on October 13, 1997, denied his motion to suppress.

On November 28, 1997, Pino moved for reconsideration of our denial to suppress statements made by him to the Department of Public Safety. The defense claims that the burden of proof to show a valid waiver of his *Miranda* rights was improperly shifted from the prosecution to the defense. We have searched the record and find no support for this contention. The defense's assertion of "burden-shifting" is one of sheer invention.

## Discussion

The prosecution showed by a preponderance of the evidence that Pino's waiver did not violate the requirements set forth by *Miranda v. Arizona*, *Id.* at 436, and adopted in this territory. *See e.g. American Samoa Gov't v. Gatoloai*, 23 A.S.R.2d 65, 69 (Trial Div. 1992). We find that Pino's waiver was "knowing and intelligent." *Id.* (Pino does not contest that his statement was "voluntary," the third prong of the *Miranda* test.)

■ Pursuant to a psychiatric examination, Dr. Malaefou Elisaia found "no significant impairment" of Pino's cognitive functions given his educational background. (*See* Psychiatric Evaluation of Dr. Malaefou Elisaia, M.D., dated June 25, 1997.) He deems Pino competent to stand trial and assist in his own defense. If he is capable of assisting counsel in his defense of murder in the first degree and rape, then it seems logical

196

to conclude that he would have been capable of understanding the very elemental rights that *Miranda* affords, notwithstanding his academic stunting.

 But even if he were not so capable, the Juvenile Justice Act of 1980 provides additional safeguards for juveniles. Under A.S.C.A § 45.0204, the "parent, guardian or legal custodian" must be advised of the child's *Miranda* rights in order for a waiver of those rights to be permissible. A.S.C.A § 45.0204. Because Pino's father was present during questioning and Officer Ta`ase Sagapolutele advised both Pino and his father of *Miranda* warnings, the requirements of § 45.0204 were met. Both Pino and his father signed the waiver form before Pino gave his statement. In contrast, we find Pino's argument and Dr. Lynn Albertson's findings, ostensibly upon which the defense relies, to be less than compelling. (*See* Psychological Evaluation of Dr. Lynn Albertson, Ph.D., undated but received by the Court June 26, 1997.) Dr. Albertson states that Pino functions at a second-grade level; Pino argues that because of this he was unable to form the understanding necessary to legally waive his rights. We disagree.

 Functioning academically at a grade-school level does not necessarily preclude the comprehension of the basic rights *Miranda* affords. Apparently Pino, unlike other "second graders," is able to function adequately outside of a school setting and while left unattended, an ability that is evidenced by his repeated truancy. Moreover, we have had the benefit of listening to Pino, under oath, when he testified clearly and intelligibly in a civil proceeding, CA No. 66-97, which he and others brought against the Commissioner of Public Safety and Warden of the Territorial Correctional Facility. In that other matter, which is still pending, Pino was able to very competently assist his counsel in prosecuting his civil claim which has resulted in, among other things, institutional juvenile detention reform in the territory. The transcript of these proceedings has been made a part of this record. We believe, therefore, that Pino was and is capable of understanding his *Miranda* rights.

We find even less compelling Dr. Albertson's plea to provide Pino with "the academic and emotional support necessary to improve to the level that is possible for him to attain." The issue before Dr. Albertson was Pino's competency to stand trial for the murder and rape of Zhu Qunxin. The proximate issue before this court is whether or not Pino was capable of understanding the essence of his rights under *Miranda* when they were issued on May 9, not finding the means by which to secure the emotional and academic fulfillment of Pino's potential. The role of the court is determining culpability and issuing redress for these crimes, regardless of whether it will hinder or advance the defendant's academic

197

standing. In light of all the evidence presented, we believe we properly denied Pino's motion to suppress and therefore deny defense's motion for reconsideration.[1]

It is so Ordered.

---

[1] We would also like to note that Pino's notice of intent to use a defense based on mental condition, filed with the Clerk on October 8, 1997, is untimely. On July 15, 1997, we set the deadline for all pretrial motions for September 15, 1997.

> Rule 12(2)(b) of the High Court Rules of Criminal Procedure states:
> If a defendant intends to introduce expert testimony relating to a mental disease, defect, or other condition bearing upon the issue of whether he had the mental state required for the offense charged, he *shall, within the time provided for the filing of pretrial motions* or at such later time as the court may direct, notify the attorney for the government in writing of such intention and file a copy of such notice with the clerk. The court may *for cause shown* allow late filing of the notice. . .

T.C.R.C.P. Rule 12(2)(b) (emphasis added). The notice is untimely, and Pino offers no cause for its late filing. This omission triggers T.C.R.C.P. Rule 12(2)(d) which allows the court to "exclude the testimony of any expert witness offered by the defendant on the issue of his mental state." T.C.R.C.P. Rule 12(2)(d).